Louis B. Scheinman, J.
This is a motion for summary judgment made by defendant Robert G. Anderson for an order dismissing the second and third causes of action in this complaint in which he is named.
The first cause of action in the complaint is against Audrey Anderson and alleges that in 1971 the defendant Audrey P. Anderson executed and delivered to the plaintiff a promissory note wherein she became indebted to the bank in the sum of approximately $6,800, that she defaulted in her payments and that approximately $6,000 plus interest is presently due.
The second cause of action is against both defendants and alleges that Audrey Anderson executed the note as an undisclosed agent for the defendant Robert G. Anderson and that the proceeds of the loan were used to improve certain real property which both defendants owned.
The third cause of action alleges that since the defendant Robert G. Anderson thereby received a benefit from the making of said loan, that he is thusly indebted in quantum meruit to plaintiff for one half of the amount of said benefit, i.e., approximately $3,000, plus interest.
The facts disclosed upon the motion are that defendant *910 Audrey Anderson and her husband (not a defendant) signed the note and that the only connection of the defendant Robert G. Anderson with said note is that he signed, as a witness only, an application to the bank made by codefendant, his mother. Audrey Anderson, in an affidavit used on this motion, unequivocally denies any principal-agency relationship.
The application stated that the purpose of the loan was to improve the real property which she and her son owned. Plaintiff claims that Audrey Anderson signed the note, therefore, as agent for her son as the undisclosed principal. This court cannot agree.
Subdivision (1) of section 3-401 of the Uniform Commercial Code provides that "No person is liable on an instrument unless his signature appears thereon.”
The only case found by this court to contain a discussion of whether a person not a signatory to a note can be held liable thereon, after the adoption of the Uniform Commercial Code, and, particularly subdivision (1) of section 3-401 thereof, is Matter of Eton Furniture Co. v Gorelick (286 F2d 93).
Eton arose out of a Pennsylvania transaction, the court applying Pennsylvania law (Pennsylvania has adopted the Uniform Commercial Code). The evidence there had shown a continued course of dealing between the lending bank, a company, and its general manager, wherein the bank received, from time to time, notes signed only by the manager as collateral security for the debts. The court there held that the language of the statute did not bar an action on the underlying debt against one who did not sign the note, where the note was given as merely collateral security. (See Matter of Eton Furniture Co. v Gorelick, supra, p 96, N2, wherein it is pointed out that absent a showing that the note was merely collateral security, that, pursuant to the statute, only the signatory was liable.) In the case at bar, the note was merely the evidence of the debt owed by Audrey Anderson (and her husband).
Further, the moving defendant and his relationship to the maker of the note, his part ownership of the real estate which was to be improved by the proceeds of the loan (if that was actually done) were as well known to the plaintiff at the time of the making of the loan, as it is now. Had there been any intention for him to be liable, his signature should have been obtained on the note. He was not an undisclosed principal, nor any principal.
*911 The third cause of action pleaded in quantum meruit does not state a cause of action. The use made of the borrowed funds by Audrey Anderson cannot be the basis of this claim.
There are no genuine issues of fact requiring a trial. Accordingly, defendant Robert G. Anderson is granted summary judgment dismissing the second cause of action as to himself, and the third cause of action.